**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000167
09-APR-2026
07:58 AM
Dkt. 72 SO**

NO. CAAP-24-0000167

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EDMUND POLIDO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DCW-23-0000301)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

In this appeal, Defendant-Appellant Edmund Polido
(**Polido**) challenges his trespass conviction on grounds that his
conduct was constitutionally protected as a native Hawaiian
practice, the improper denial of a continuance, and for
ineffective assistance by his trial defense counsel.  We affirm.

Polido appeals from the February 16, 2024 "Judgment
and Notice of Entry of Judgment," (**Judgment**) entered by the
District Court of the Third Circuit (**District Court**).[1]  Following

_____

[1]  The Honorable Kimberly Tsuchiya presided.

a bench trial, Polido was convicted of second-degree trespass for entering Kapāpala Ranch on Hawai'i island.

On appeal, Polido raises five points of error (**POEs**),[2] contending that the District Court erred by **(1)** denying Polido's motion to dismiss, which argued that his conduct of hunting pig constituted a native Hawaiian practice under State v. Hanapi, 89 Hawai'i 177, 970 P.2d 485 (1998),[3] and challenging certain findings of fact (**FOFs**) and conclusions of law (**COLs**) in the order denying the motion;[4] **(2)** denying Polido's trial counsel's continuance of the trial "to secure a relevant and material witness"; and **(3)** finding Polido guilty when sufficient evidence established Polido engaged in a constitutionally protected native Hawaiian practice. Polido additionally contends that **(4)** his trial counsel violated his "fundamental right to

---

[2] We have numbered Polido's points "A" through "E". See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) (requiring numbered POEs).

[3] Hanapi sets forth three factors (**Hanapi factors**) that defendants asserting a constitutionally protected native Hawaiian practice must show: (1) they qualify as a native Hawaiian "within the guidelines set out in" Pub. Access Shoreline Haw. v. Haw. Cnty. Plan. Comm'n (**PASH**), 79 Hawai'i 425, 448-49, 903 P.2d 1246, 1269-70 (1995); (2) their "claimed right is constitutionally protected as a customary or traditional native Hawaiian practice"; and (3) "the exercise of the right occurred on undeveloped or 'less than fully developed property.'" 89 Hawai'i at 185-86, 970 P.2d at 493-94 (citations omitted). "Once a criminal defendant satisfies the three-prong showing required by *Hanapi*, there remains a balancing test before the defendant's assertion of the native Hawaiian privilege negates any possible criminal conviction." State v. Palama, No. CAAP-12-0000434, 2015 WL 8566696, at *8 (Haw. App. Dec. 11, 2015) (mem. op.) (brackets omitted) (quoting State v. Pratt, 127 Hawai'i 206, 216, 277 P.3d 300, 310 (2012)). "In performing the balancing test, a court must look to the totality of circumstances and balance the State's interest in regulating the activity against the defendant's interests in conducting the traditional or customary practice" (**balancing test**). Id. (citing Pratt, 127 Hawai'i at 216-18, 277 P.3d at 310-12).

[4] Polido does not present specific argument related to his challenges to FOFs 14-16 and COL 27. See HRAP Rule 28(b)(7). We address COL 26 infra.

2

effective assistance of counsel"; and **(5)** "[t]he multitude of errors" set forth supra "had the cumulative effect" of denying Polido his "due process right to a fundamentally fair trial."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Polido's points of error as follows.

On January 31, 2023, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Polido with "knowingly enter[ing] or remain[ing] unlawfully in or upon premises, located at Kap[ā]pala Ranch, which were fenced or enclosed in a manner designed to exclude intruders," committing second-degree criminal trespass in violation of Hawaii Revised Statutes (**HRS**) § 708-814(1)(a). Following a July 13, 2023 hearing on Polido's motion to dismiss and defense continuations of trial to secure witnesses, trial was conducted on November 17, 2023 and February 16, 2024, after which Polido was found guilty.

**1. Sufficiency of evidence for conviction**

Polido argues he should not have been found guilty because he presented sufficient evidence at trial to establish a constitutionally protected native Hawaiian practice. Polido asserts that both he and Palikapu Dedman (**Dedman**) testified that "hunting has been traditionally and customarily practiced in the Kapāpala Ranch area for generations."

The record reflects that the State did not present any evidence at trial because the parties "stipulated to all the essential facts necessary to warrant conviction[,]" similar to the procedure in Pratt. 127 Hawaiʻi at 212, 277 P.3d at 306. Here, the trial focused on Polido's attempt to prove that his trespass offense was a constitutionally protected native Hawaiian practice. The parties' factual stipulation established

that Polido's trespass "occurred within an area known as Kapāpala Ranch"; "the entire perimeter of Kapāpala Ranch is fenced"; there are two forest reserves "across the mauka perimeter of [Kapāpala] [R]anch" where hunting is allowed; Kapāpala Ranch has a procedure to permit access through "gates that allow the public access to the reserves"; access through Kapāpala Ranch's gates is allowed for members of the public who register with Kapāpala Ranch and call in the morning of the day they want access to obtain the gate code; Polido was aware of the procedure to obtain public access to Kapāpala Ranch and had previously registered; and Polido "entered Kapāpala Ranch" on July 11, 2023 with his cousin and shot two pigs with a rifle. Thus, similar to the procedural posture of Pratt, this court must affirm the trespass conviction unless Polido "can prove his defense that the privilege for native Hawaiian practice applies in this case." See id.; Hanapi, 89 Hawaiʻi at 183, 970 P.2d at 491 ("When a criminal defendant claims to have been engaged in a constitutionally protected activity, the burden is placed on him or her to show that his or her conduct fell within the prophylactic scope of the constitution's provision.") (citation omitted). Here, the District Court found Polido guilty and concluded the constitutional privilege did not apply based on the second Hanapi factor.

Assuming, *arguendo*, that Polido satisfied the three Hanapi factors, a defendant asserting a constitutionally protected native Hawaiian practice must also prevail on the balancing test. See Palama, 2015 WL 856696 at *8. In this regard, the State argues in its Answering Brief that Polido did not show that his exercise of the claimed privilege outweighed the State's interest as follows:

4

> Even assuming [Polido] satisfied the three factors of *Hanapi*, under the totality of the circumstances his exercise of the native Hawaiian practice was unreasonable. [Polido] went hunting without consultation or notice on an active, working ranch, and he did so with a firearm. . . . He failed to utilize the valid method of hunting in the area of the ranch, which he had utilized previously[.]
> . . .

Polido's Reply Brief responds that Hanapi requires a balancing "of the State's regulatory interests," and that here, the private lessees "– not the State – are regulating conduct." (Emphasis omitted.)

Polido asserts a constitutional privilege. "We answer questions of constitutional law by exercising our own independent judgment based on the facts of the case." Pratt, 127 Hawai'i at 212, 277 P.3d at 306. "[W]e review questions of constitutional law under the right/wrong standard." Hanapi, 89 Hawai'i at 182, 970 P.2d at 490 (citation omitted). "It is only after the prosecution meets [its] burden" of proving the crime charged "that any offered affirmative defense becomes relevant." Pratt, 127 Hawai'i at 212, 277 P.3d at 306. Thus, this court "must affirm the judgment" of conviction unless Polido "can prove his defense that the privilege for native Hawaiian practices applies in his case." Id.

Here, Polido was charged with one count of Criminal Trespass in the Second Degree under HRS § 708-814(1)(a) (2014 & 2019 Supp.), which provides that "a person commits the offense of criminal trespass in the second degree if . . . [t]he person knowingly enters or remains unlawfully in or upon premises that are enclosed in a manner designed to exclude intruders or are fenced[.]"

The record reflects that Kapāpala Ranch's property was fenced. The record also shows, however, that Kapāpala Ranch permitted daily public access through three gates to adjoining

5

lands where hunting was allowed. Polido was aware of the procedure for requesting access through Kapāpala Ranch's gates and had previously registered for such access. Polido testified at trial that he felt he should be able to access the area without restriction and at any time, to exercise his native Hawaiian gathering privilege and that "there shouldn't be a gate there."

On this record, we conclude Polido's native Hawaiian practice was not "reasonably exercised," and the balance weighs in favor of the State's interest in prohibiting unlawful entry on fenced property, where Polido made no attempt to avail himself of the procedures available to lawfully enter Kapāpala Ranch's property. See State v. Armitage, 132 Hawaiʻi 36, 54-55, 319 P.3d 1044, 1062-63 (2014) (affirming defendants' convictions for illegal entry into a protected reserve, where defendants "did not 'reasonably exercise' their constitutionally protected native Hawaiian rights" because they "made no attempt to avail themselves of the applicable procedures to obtain lawful entry"; and "the balance weighs in favor of the State's interest in protecting the health and safety" of those traveling to the reserve (brackets and citation omitted)); Pratt, 127 Hawaiʻi at 218, 277 P.3d at 312 (affirming conviction for residing in a closed area of a state park, where "the balancing of interests" weighed in favor of the State's interest in limiting visitors to the park "for health and safety reasons, and to protect park resources[,]" and against the defendant's claimed native Hawaiian privilege of unrestricted access, where the defendant "did not show any attempts to engage in his native Hawaiian practice within the limits of state law"); State v. Au, No. CAAP-23-0000002, 2025 WL 3046208, at *2-3 (Haw. App. Oct. 31, 2025) (SDO) (affirming conviction for possessing an illegal

6

fishing net, where "the balance weighed in favor of the State's interest to regulate net size and protect smaller fish" and did not "*unreasonably* regulate" the exercise of defendant's claimed native Hawaiian right, and where the defendant did not show that he attempted to fish "in accordance with applicable regulations by using a scoop net or obtain a permit to use a fine mesh throw net" (citations omitted)).

Thus, there was sufficient evidence to support Polido's trespass conviction, where Polido did not prevail on the balancing test necessary to "prove his defense that the privilege for native Hawaiian practices applie[d]" in this case. See Pratt, 127 Hawai'i at 212, 277 P.3d at 306.

For the same reasons discussed above, we conclude that based on the record pertinent to the motion to dismiss, the circuit court did not abuse its discretion in denying Polido's motion to dismiss.

**2. Ineffective assistance of counsel**

Polido argues that trial counsel was ineffective for failing "to prepare evidence to support" the motion to dismiss and for failing "to request a continuance" of the hearing to engage in such preparation. These alleged omissions do not establish ineffective assistance because they did not prevent Polido from presenting his defense at trial. See State v. DeLeon, 131 Hawai'i 463, 478-79, 319 P.3d 382, 397-98 (2014) (requiring that the "specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence" result in "either the withdrawal or substantial impairment of a potentially meritorious defense" to establish ineffective assistance of counsel).

Polido also argues that trial counsel provided ineffective assistance at trial for "fail[ing] to subpoena

7

civilian and/or expert witnesses" to testify on "whether pig hunting was a Native Hawaiian traditional and customary practice."  We need not address this argument in light of our disposition above, where Polido's failure to prevail on the balancing test renders any challenge based on the second Hanapi factor immaterial.  We also need not reach Polido's remaining POEs.

For the foregoing reasons, we affirm the February 16, 2024 Judgment entered by the District Court of the Third Circuit.

DATED:  Honolulu, Hawaiʻi, April 9, 2026.

On the briefs:

Kirsha K.M. Durante,
Court-Appointed Counsel,
Native Hawaiian Legal
Corporation,
for Defendant-Appellant.

Charles E. Murray, III
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge